UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

SEBASTIAN LEIGH ECCLESTON,

                              Petitioner,

        v.                                                        9:26-CV-0285
                                                                  (BKS/MJK)

UNITED STATES MARSHALS,

                              Respondent.

———————————————————————

APPEARANCES:                                    OF COUNSEL:

SEBASTIAN LEIGH ECCLESTON
Petitioner, pro se
546243
Broome County Correctional Facility
P.O. Box 2047
Binghamton, New York 13902

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

        Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  Dkt. No.

1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex.").

        On February 25, 2026, the case was administratively closed due to Petitioner's failure

to properly commence it.  Dkt. No. 2, Administrative Order.  Petitioner was given thirty (30)

days to either (1) pay the statutory filing fee or (2) submit a properly certified application to

proceed in forma pauperis ("IFP").  *Id.* at 2.[1]

---

[1]  The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a).

1

Petitioner remitted the statutory filing fee, and the case was restored to the Court's active docket.  Dkt. No. 3, Letter (enclosing the filing fee); Dkt. Entry dated 03/10/26 (memorializing receipt information for the filing fee transaction); Dkt. No. 4, Text Order (reopening case).

Also pending is petitioner's motion for an evidentiary hearing or immediate release from custody.  Dkt. No. 5.

## II.    RELEVANT BACKGROUND

To outline petitioner's criminal history, the Court has relied on information submitted to it in petitioner's federal criminal case.  *See United States v. Eccleston*, No: 3:23-CR-0415 (GTS) ("*Eccleston I*").  As is relevant to the present pleading,

> [o]n October 29, 1996, [petitioner], who was previously convicted in state court of first-degree murder, was sentenced in the District of New Mexico to 417 months' imprisonment with 3 years of supervised release following his federal convictions for carjacking; using and carrying a firearm during and in relation to a crime of violence; and interference with commerce by threat or violence against the victim.  [Petitioner's] sentence was later reduced to 228 months after his motion for a sentence reduction was granted. His initial period of supervised release commenced on December 7, 2022.

*Eccleston I* , Dkt. No. 43 at 1.  On October 23, 2023, supervision of the petitioner was transferred from the District of New Mexico to the Northern District of New York.  *Eccleston I*, Dkt. No. 1.

> On December 5, 2023, th[e Northern District of New York] issued an arrest warrant upon a petition regarding alleged violations of supervised release.  [*Eccleston I*,] Dkt. No. 4.  After his arrest, [petitioner] was ordered detained pending the final revocation hearing.  [*Eccleston I*,] Dkt. No. 11. . . .  [Petitioner] subsequently admitted to 4 of the 6 alleged violations and was sentenced to 5 months' imprisonment followed by 30 months additional supervised release.  [*Eccleston I*,] Dkt. No. 22.
> . . .

2

> [Petitioner was again released on conditions, then another] violation petition was filed on June 27, 2025.  [*Eccleston I*,] Dkt. No. 25.  It alleges that [petitioner] committed the offenses of assault in the 3rd degree and strangulation (Violation 1) and that he consumed alcohol in violation of special condition 3 (Violation 2). . . . [Petitioner was] detained following a detention hearing on July 2, 2025, concluding that [petitioner] posed a risk of danger to the community.  [*Eccleston I*,] Dkt. No. 35.  [Petitioner] did not appeal that detention order, and requested an adjournment of the revocation hearing, [*Eccleston I*, D]kt. [No.] 38.

*Eccleston I*, Dkt. No. 43 at 1-2.[2]  This Court issued an order directing petitioner's "counsel . . . to file a letter with the Court requesting [petitioner's revocation hearing] be placed back on the calendar once the local charges are resolved."  *Eccleston I*, Dkt. No. 39.

Instead, on October 31, 2025, petitioner's counsel filed a letter requesting a renewed detention hearing in petitioner's federal criminal case.  *Eccleston I*, Dkt. No. 42; *see also* Ex. at 2.  The Government opposed the request arguing that (1) petitioner's counsel made an improper motion and, instead, should have filed a request for review of his detention order under 18 U.S.C. § 3145(b); and (2) even if petitioner's counsel made a proper request to review his detention order, petitioner still could not demonstrate that the magistrate judge's detention order was incorrect by proving, by clear and convincing evidence, that he does not pose a danger to any other person or the community.  *Eccleston I*, Dkt. No. 43 at 2-4. Petitioner also filed a sua sponte motion to the Magistrate Judge assigned to his federal case requesting early termination of his supervised release.  *Eccleston I*, Dkt. No. 44.  The Court denied petitioner's request for a renewed detention hearing, given the reasons stated in the Government's opposition, and reminded petitioner that any motion or request for relief should be made before the District Judge.  *Eccleston I* , Dkt. No. 45; *see also* Ex. at 1.

---

[2]  Information regarding petitioner's underlying federal criminal conviction from the District of New Mexico is found at: *United States v. Eccelston*, No. 1:95-CV-0014 (D.N.M.).

### III.    THE PRESENT PETITION

Petitioner challenges his present detention in the Broome County Correctional Facility. Pet. at 1.  Petitioner is awaiting trial on the pending state criminal charges, for assault and strangulation, which were commenced on June 27, 2025.[3]  Pet. at 6.  It is unclear what the procedural posture of the state court criminal charges are; however, petitioner included a letter he authored to an attorney, on February 1, 2026, which indicated that there may have been a grand jury convened on January 9, 2026, which petitioner sought to challenge.  Ex. at 14-17.[4]  It is unclear what came from petitioner's letter requesting legal assistance.

Petitioner argues that he is entitled to federal habeas relief because (1) he has "not been indicted on any state charges and the speedy trial clock has elapsed[; therefore, his] current detention is in violation of Amendments 6, 8 and 14 of the U.S. Constitution;" Pet. at 5, 6; (2) petitioner has been detained pursuant to false allegations from his wife, Pet. at 1-5; (3) petitioner argues that he can only receive review of his detention order pursuant to § 2241 because, pursuant to 18 U.S.C. § 3145(b), any such motion must be made within fourteen (14) days, rendering that avenue for relief futile, Pet. at 5; (4) "New York State Police were required to arrest Petitioner's wife pursuant to [several criminal procedure statutes,] but are singling out Petitioner in violation of [his] . . . Equal Protection [rights,]" Pet. at 5;[5] and (5) petitioner was unlawfully detained pursuant to 18 U.S.C. §§ 3142(f)(2) & 3143(a)(1), Pet. at 6.

---

[3]  These pending charges, along with petitioner's alleged alcohol consumption, serve as the basis for petitioner's violation of supervised release petition.

[4]  Petitioner's motion for an evidentiary hearing argues that the Cortland County District Attorney's Office intentionally failed to apply for a writ of habeas corpus ad prosequendum to preclude petitioner from attending court proceedings in violation of his Sixth Amendment rights.  Dkt. No. 5 at 1-4.  For the reasons outlined in this Order, petitioner's complaints about the Cortland County District Attorney's Office are either barred by *Younger* or premature.

[5]  Petitioner has challenged this purported Equal Rights violation in a federal civil rights case, filed in this District. *Eccleston v. Rounds et al.*, No. 3:25-CV-1056 (GTS/MJK).  Petitioner included portions of his federal civil rights lawsuit in support of his pending pleading, Ex. at 8-13; however, for a complete discussion of the Equal Protection claim and the procedural posture of the case, please refer to aforementioned docket sheet.

Petitioner seeks to "be released back to U.S. Probation on supervised release to [his] residence . . . with [his] father[.]"  Pet. at 6.

## IV.    DISCUSSION

It is unclear whether petitioner is challenging his ongoing state court criminal proceedings or his ongoing detention for the alleged violation of his supervised release pending his final revocation hearing.  Regardless, this pleading is not the appropriate vehicle to make such challenges.

### A.    Pending State Court Criminal Proceedings

Generally summarizing a large portion of the present pleading, petitioner argues that he "is currently detained based on false allegations in New York State/County Court [because petitioner's] wife falsely accused [him] of choking her."  Pet. at 3.  Consequently, petitioner asks this Court to intervene in, and dismiss, a pending state court criminal proceeding because (1) petitioner claims he is actually innocent of the charges and (2) the criminal prosecution has, thus far, violated petitioner's constitutional rights.  Pet. at 1-5.  Further, petitioner seeks immediate release from custody and return to federal supervision.  Pet. at 6.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020).  Specifically, the court considers whether "three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Here, petitioner acknowledges that there is an ongoing state court proceeding regarding his wife's claims of assault and strangulation. Second, the Second Circuit has stated that "[t]here is no question that [an] ongoing prosecution implicates important state interests[.]" *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Finally, petitioner has not argued, and there is no reason to conclude, that the state court proceedings available to petitioner fail to provide him with an adequate opportunity for judicial review. Accordingly, with respect to claims that involve his pending state criminal proceedings, like the lawfulness or sufficiency of the charging documents or the timeliness of his prosecution, this Court must abstain.[6]

In sum, petitioner cannot use a federal habeas action to attempt to circumvent the state criminal trial process. *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *5 (N.D.N.Y. May 22, 2018) (citing cases). "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020). Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*[7]

Furthermore, even if petitioner's claims are not barred by the *Younger* abstention doctrine, they are premature. Regardless of whether petitioner makes these challenges right now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he

---

[6] The Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply. *See Diamond "D" Constr. Corp.*, 282 F.3d at 198. However, petitioner fails to argue, and the undersigned cannot identify, any such exceptions here.

[7] While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

would still have to exhaust his challenges in state court.  *See Blanchard*, 2018 WL 2324054, at *2-*3 (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

"[T]o fully exhaust his claims, petitioner 'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  *Blanchard*, 2018 WL 2324054, at *5 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, petitioner has failed to demonstrate if, when, and how he has challenged his pending state court proceedings.  All that has been presented to the Court is a letter, dated February 1, 2026, seemingly asking his attorney for assistance to challenge allegedly unlawful actions undertaken by the prosecution.  No further details were provided outlining the steps that occurred thereafter, let alone establishing that these claims were appealed to the highest level state court available.  The undersigned is mindful that "a petitioner may not attempt to litigate constitutional defenses prematurely in federal court."  *Blanchard*, 2018 WL 2324054, at *5 (citing cases).  Furthermore, petitioner's federal civil rights action, filed in this Court, is not a state court action.  Therefore, it cannot serve as a proper vehicle to exhaust petitioner's federal habeas claims.

In sum, petitioner does not allege that he has fully exhausted his available state court remedies before filing the instant petition.  Accordingly, to the extent the petition could be liberally construed to include additional claims outside of a direct challenge to the pending state court criminal charges, the petition is dismissed without prejudice as premature and

unexhausted.  Petitioner may re-file any claims, not related to dismissal of his pending state prosecution, once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

> **B.    Challenge to Petitioner's Detention and Anticipated Revocation Proceedings Related to His Term of Federal Supervised Release**

A federal prisoner may challenge his detention under one of two statutes: 28 U.S.C. §§ 2241 or 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'"  *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134.  A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case.").[8]

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence.  *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d

---

[8]  If the section 2255 motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing.  Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts; Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Petitioner specifically argues that his pleading "concerns the execution of a previously imposed sentence and not its imposition," making section 2241 the proper statute under which to seek relief. Pet. at 3. The fact that Petitioner has invoked section 2241 does not require the Court to construe it as such. Rather, "'it is the substance of the petition, rather than its form, that' governs." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). In sum, "[i]t is well settled that a district court may convert a § 2241 petition to a § 2255 motion in appropriate circumstances." *Ching v. United States*, 298 F.3d 174, 176 (2d Cir. 2002) (citing cases).

The Second Circuit has recently held that

> [i]t is well-established in this Circuit that, although supervised release is a separate, non-carceral period that begins after a defendant completes a term of imprisonment, this portion of the sentence and any related revocation procedures, and the penalties that may result from those procedures, are considered a part of the original sentence, meaning supervised release is authorized by the original conviction, and so too are the consequences of its violation.

*United States v. Fernandez*, 152 F.4th 124, 131 (2d Cir. 2025) (citing cases) (internal quotation marks omitted). Consequently,

> because the term of supervised release (and its attendant procedures) is a part of [the] original sentence, and the consequences of violating the terms of supervised release authorized by that sentence are not punishment for additional criminal conduct, but rather a sanction for breaching the trust that justified the defendant's conditional liberty, revocation proceedings to adjudicate the alleged violation of the conditions of supervised

9

> release are not a new criminal prosecution. . . . Instead, these proceedings, and any resulting penalties, merely complete the original sentence imposed.

*Id.* at 132 (internal original modifications, quotation marks, and citations omitted); *see also Abreu v. Unites States*, No. 1:21-CV-10122, 2024 WL 4593728, at *5 (S.D.N.Y. Oct. 28, 2024) (explaining a federal sentencing court's "broad discretion . . . continues after a term of supervised release begins[, allowing t]he sentencing court . . . wide discretion to modify a term of supervision, including by terminating it, extending it, or revoking it[.]").

Here, any claims challenging decisions related to the execution of petitioner's violation petition and his detention pending the revocation proceedings deal exclusively with petitioner's federal criminal sentence. Accordingly, the controlling statute to properly adjudicate arguments related to those claims is actually § 2255. *See also Geritano v. United States*, No. 03-CR-0970, 2023 WL 3499511, at *1 (E.D.N.Y. May 17, 2023) (identifying petitioner's proper challenge to his sentence for violating the conditions of his supervised release to be a habeas petition pursuant to § 2255 and construing a subsequently filed § 2241 petition as an amended § 2255 petition).

While the Court could convert the Petition, it is unclear whether that is consistent with petitioner's wishes because the Court is unsure what exactly petitioner was attempting to challenge. If petitioner is trying to combat his pending state court criminal matter, he is precluded from doing so. If petitioner instead wants to challenge the violation petition, his detention as the result of said petition, or the pending revocation proceedings, petitioner must file a § 2255.

Finally, while petitioner contends that his ability to challenge his present detention pursuant to 18 U.S.C. § 3145(b) is futile because he is outside of the fourteen (14) day

window, it appears that his understanding is incorrect. The federal statute, entitled "Review of a detention order," provides that

> [i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b)(2). Despite petitioner's representations, there is no fourteen-day time limit in this statutory provision. Instead, it appears that petitioner is attempting to receive the relief that he was previously denied in *Eccleston I* – namely release from detention back on to his conditions of supervised release – via a different, and inappropriate, procedural vehicle. To the extent petitioner wishes to have his detention order reviewed, he should make the proper motion to do so before the District Judge in his federal criminal case.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, be **DENIED**; and it is further

**ORDERED** that petitioner's motion for an evidentiary hearing or immediate release, Dkt. No. 5, is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 27, 2026</u>

Brenda K. Sannes
Chief U.S. District Judge

11